# In the
# United States Court of Appeals
## For the Seventh Circuit

_____

No. 04-1870

PASHA HUNT-GOLLIDAY,

*Plaintiff-Appellant,*

v.

METROPOLITAN WATER RECLAMATION
DISTRICT OF GREATER CHICAGO,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 02 C 9199—**Joan Humphrey Lefkow**, *Judge.*

_____

ARGUED OCTOBER 25, 2004—DECIDED DECEMBER 6, 2004

_____

Before POSNER, KANNE, and WILLIAMS, *Circuit Judges.*

KANNE, *Circuit Judge.* Pasha Hunt-Golliday filed a complaint in federal court stating that she was wrongfully terminated as an employee of the Metropolitan Water Reclamation District of Greater Chicago (the "District"). She alleged violations of both the Americans with Disabilities Act (ADA) and the Civil Rights Act. The district court dismissed her case for failure to state a claim upon which relief may be granted. We affirm.

## I.  History

Although Hunt-Golliday's allegedly wrongful termination occurred in 2002, her history of litigation with the District goes back much further. A review of that history is appropriate here.

Hunt-Golliday began working for the District in 1987. In 1990, she became a fireman-oiler, a position that required some lifting. In 1991, Hunt-Golliday sustained a back injury. She was able to work with lifting restrictions after a few months on disability leave and to resume her duties as a fireman-oiler in 1993 with no lifting restrictions. Dissatisfied that she had not been allowed to take the city exam required for a promotion to operating engineer, Hunt-Golliday filed charges of race and sex discrimination with the Equal Employment Opportunity Commission in April 1993. This claim was eventually settled in 1999. A month after filing her complaint, Hunt-Golliday suffered a panic attack during a performance evaluation. She went on disability leave for five months, during which time she was hospitalized and treated for depression and anxiety.

In October 1993, shortly after returning to work at the District, Hunt-Golliday was instructed to assist a co-worker in lifting some heavy objects. When she expressed concern about lifting due to her back condition, her supervisor asked whether she was refusing to do her job. Hunt-Golliday replied that she was not and proceeded to do the work. She then complained of back pain. The District's nurse did not find any problems, but Hunt-Golliday was sent to the hospital as a precaution because she was pregnant at the time. She called in sick the next day.

The District suspended her on October 13, 1993, citing a history of absenteeism and uncooperativeness. It filed with the Civil Service Board (the "Board"), an independent body of the District, for permanent discharge based on physical and mental inability to perform the job. In April 1994, the

Board held a hearing on Hunt-Golliday's case and in August 1994 ruled in favor of her discharge.

Hunt-Golliday sought review of her termination in the Circuit Court of Cook County, which reversed the Board's decision in November 1996 because the District had filed for discharge under outdated rules that did not incorporate the ADA. The circuit court ordered that Hunt-Golliday be reinstated with backpay.

The District filed an appeal from this ruling in the Appellate Court of Illinois, which ruled in June 2002 that the ADA had no bearing on the case. Hunt-Golliday had never argued that the District failed to accommodate her as required under the ADA, so she was not procedurally or substantively prejudiced by the District's use of pre-ADA rules. The appellate court overruled the circuit court and affirmed the Board's discharge of Hunt-Golliday, but did not explicitly vacate the circuit court's order for reinstatement.

The District fired Hunt-Golliday on June 27, 2002, the same day the appellate court's opinion was issued.

Hunt-Golliday filed a complaint in federal court shortly after the Illinois Supreme Court denied her petition for appeal in December 2002. The case was dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. This appeal followed.

## II.  Analysis

We review a Rule 12(b)(6) dismissal *de novo. See LeBlang Motors, Ltd. v. Subaru of Am., Inc.*, 148 F.3d 680, 690 (7th Cir. 1998). Dismissal is appropriate only if no relief could be granted based on any set of facts that the plaintiff could prove consistent with her complaint. *See Veazey v. Communications & Cable of Chicago, Inc.*, 194 F.3d 850, 854 (7th Cir. 1999).

Hunt-Golliday alleges that her 2002 termination was based on discrimination. Even if she could prove that the District's reasons for firing her in 2002 were discriminatory, though, no relief would be available to her. The District's action to terminate her in 2002 was authorized by the appellate court's decision reversing the circuit court and affirming the Board's initial decision to terminate her in 1995. The 1996 reinstatement was ordered only because the circuit court reversed the Board's decision to terminate; once the appeal process was exhausted and the initial decision to terminate affirmed, the District was free to give effect to the Board's decision.

The fact that the appellate court did not explicitly vacate the circuit court's order to reinstate Hunt-Golliday is irrelevant. Hunt-Golliday argues that the District's appeal was brought in an effort to avoid paying backpay, and that the District did not necessarily challenge reinstatement. This is not reasonable. It is clear from the appellate court's order that the District appealed both the reversal of the discharge and the backpay order. Interpreting the court's order as both an affirmation of the Board's decision to dismiss and a mandate for continued employment under the circuit court's reinstatement order is nonsensical. The Board's 1995 decision was affirmed, and to give effect to that decision, the circuit court's reinstatement order must necessarily be vacated.

Finally, Hunt-Golliday claims that the reasons for firing her in 1995 no longer applied in 2002, and that she no longer has physical or mental disabilities that would keep her from doing her job. Again, even if these claims could be proved, they do not make termination improper. If indeed Hunt-Golliday's physical and mental status had changed so that she was able to carry out the duties of her job with the District, she would have had to apply for a position anew. The 1995 decision by the Board to dismiss Hunt-Golliday—put into effect in 2002—was final, and it left her

without legal status under the civil service system of employment. *See* 70 Ill. Comp. Stat. 2605/4.14.

### III.  Conclusion

Even if Hunt-Golliday could prove that the District terminated her employment in 2002 for discriminatory reasons, she would not be entitled to relief. Her termination was proper because, although carried out in 2002, the decision to terminate was made and authorized by the Civil Service Board in 1995. Extensive judicial review of that decision has occurred, and it has been deemed legitimate. The district court's dismissal of this case under Rule 12(b)(6) is AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*